```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
MITCHELL MCKENZIE,
```
**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiffs

-against-

```
CITY OF NEW YORK; Police Officer ZEESHAN MUNAWAR,
Shield No. 5075 and JOHN and JANE DOE 1 through 10,
individually and in their official capacities the
names John and Jane Doe being fictitious, as the
true names are presently unknown),
-----------------------------------------X
```

Preliminary statement

1. This is an action for damages arising from the imprisonment and prosecution of plaintiff Mitchell Mckenzie ("plaintiff'). Plaintiff was arrested and subjected to various criminal charges on July 4, 2016, without probable cause and in violation of his rights under federal law.

2. On July 4, 2016, POLICE OFFICER ZEESHAN MUNAWAR ("MUNAWAR"), Shield No. 16585; and POLICE OFFICERS JOHN DOE 1 – 10 ("Does"), acting within the scope of their employment and under the authority of the CITY OF NEW YORK ("CITY") and the NEW YORK CITY POLICE DEPARTMENT ("NYPD") falsely arrested, assaulted, battered plaintiff, used excessive force and made false allegations to the Kings County District Attorney's Office with respect to plaintiff.

3. Plaintiff seeks compensatory and punitive damages, attorneys'

fees and costs with respect to the claims arising under federal law, and such other and further relief as the court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

7. The cause of action arose within Kings County, within the State of New York.

## PARTIES

8. Plaintiff is a resident of Kings County

9. At all times hereinafter mentioned, MUNAWAR was a police officer, employee and agent of the CITY, acting within the scope of his employment and under color of state law. Defendant MUNAWAR is sued in his official and individual capacity.

10. At all times hereinafter mentioned, defendants DOES were police officers, employees and agents of the CITY, acting within the scope of their employment and under color of state law, whose names and identities are not currently known to plaintiffs. Defendants DOES are sued in their official and individual capacities.

11. At all times hereinafter mentioned, defendant NYPD was an agency of the CITY.

12. At all times hereinafter mentioned, defendant CITY was a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

## STATEMENT OF FACTS

13. On July 4, 2016 at approximately 11:45 p.m. in the vicinity of Surf and Stillwell Avenue, Brooklyn, N.Y. plaintiff was lawfully in a subway station when defendants, including Munawar ordered him to move.

14. When plaintiff did not move quickly enough for defendants, one of the defendants shoved him in the back.

15. Plaintiff protested that this contact was inappropriate and unnecessary.

16. Defendants then tackled plaintiff and forcefully took him to the precinct.

17. At the precinct plaintiff was in great pain from the defendant's use of force. Plaintiff's continued requests for medical treatment were ignored.

18. Ultimately plaintiff was taken to central booking. Upon arraignment, bail was set and plaintiff was taken to Rikers Island.

19. Plaintiff remained on Rikers Island until July 8.

20. All charges against plaintiff were ultimately dismissed.

## Count 1

**DENIAL OF THE RIGHT TO A FAIR TRIAL**

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

22. At the precinct, defendants, including defendant Munawar, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit crimes and/or offenses.

23. At no point did the officers observe plaintiff commit any crimes or offenses.

## Count 2

**FALSE ARREST**

24. Plaintiff repeats and realleges each prior Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. The individual defendants created false evidence against Plaintiff.

28. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

29. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**Count 3**

**FAILURE TO INTERVENE**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**Count 4**

**MUNICIPAL LIABILITY**

34. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35. The actions of defendants MUNAWAR and DOES were the result of a policy and custom of defendants CITY and NYPD of failing to hire, train, promote and retrain police officers properly.

36. Defendants CITY and NYPD, as a matter of policy and practice, has with deliberate indifference, failed to sanction or discipline police officers who use conduct illegal searches, execute arrests without probable cause, or misrepresent facts to the District Attorney.

37. Defendants CITY and NYPD were negligent in the hiring, training, supervision, discipline and control of defendants MUNAWAR and DOES, whose conduct is complained of herein.

38. Defendants CITY and NYPD were careless in failing to have in place, policies, procedures, rules and regulations to prevent the type of inappropriate conduct complained of herein and in failing to terminate it swiftly, and in having policies which encouraged said conduct, and/or in failing to adhere to existing policies, procedures, rules and regulations.

39. Defendants CITY and NYPD were negligent in employing and

retaining dangerous, incompetent and dishonest police officers, whom they knew or should have known were dangerous and a menace to the community, residents and in particular the plaintiff.

40. Said policies, practices and customs of City, complained of, as well as the omissions aforesaid, deprived the plaintiff of his rights and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

<u>Prayer for Relief</u>

Wherefore, plaintiff demands judgment against defendants as follows:

    a) Compensatory damages;

    b) Punitive damages;

    c) Attorneys' fees and costs pursuant to 42 U.S.C. §1983;

    d) Interest, costs and disbursements;

    e) Other and further relief as the court deems proper/

A jury trial is hereby demanded.

_____
ROBERT J. MARINELLI, ESQ.
305 Broadway, Suite 1001
New York, N.Y. 10007
212-822-1427

New York, N.Y.
February 28, 2019